| B 104 (Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| **PLAINTIFFS** James P. Shank  Tina Shank | **DEFENDANTS** Sharon J. Gaunt |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Jason M. Krumbein, Esq. Krumbein Consumer Legal Services PO Box 70912, Richmond, VA 23255 804-564-4871 | **ATTORNEYS** (If Known) Micahel J. Champlin, Esq. Bowen, Champlin, et al. 1919 Huguenot Rd. Suite 300, Richmond, VA 23235-4321 804-379-1900 |

**PARTY** (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Motion to Vacate Discharge and Objection to Dischargeability. 11 USC 727, 11 USC 523(a)

**NATURE OF SUIT**
(Check the one most appropriate box only.)

- ☐ 454 To Recover Money or Property
- ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☒ 424 To object or to revoke a discharge 11 U.S.C. §727
- ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
- ☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

| **ORIGIN OF PROCEEDINGS** (Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|
| **DEMAND** | NEAREST THOUSAND $ 15 | OTHER RELIEF SOUGHT Deny Discharge,dischargeability | | | ☐ JURY DEMAND |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR Sharon J. Gaunt | BANKRUPTCY CASE NO. 04-03443 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING Western | DIVISIONAL OFFICE Lynchburg | NAME OF JUDGE William E. Anderson |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| **FILING FEE** (Check one box only.) | ☒ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|
| DATE 3/24/05 | PRINT NAME Jason M. Krumbein, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| In re: SHARON J. GAUNT Debtor. | ) Case No.: 04-03443 |
| JAMES P. SHANK | ) |
| and | ) Chapter 7 |
| TINA SHANK | ) |
|     Plaintiffs | ) APN#: |
| | ) |
| v. | ) |
| | ) |
| SHARON J. GAUNT | ) |
|     Defendant | ) |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND MOTION TO VACATE AND DENY DISCHARGE.

Comes now your movant, by counsel, and for their Motion respectfully represents as follows:

1. That on September 15, 2004, the debtor, filed a Chapter 7 petition in bankruptcy.

2. That the Debtor defendant is a natural person living in the Dilwynn, Virginia, and has filed a Bankruptcy under Title 11 of the US Code.

3. This court has jurisdiction under 28 USC §1334 and this matter is a core proceeding under 28 USC §157.

4. That the debtor filed Schedules, including Schedule 'B' and 'C' in this case.

5. The debtor failed to list a number of assets, and/or mis valued certain assets

    a. The horse listed is actually valued at more than $500.00

Counsel for the Movant
Jason M. Krumbein, Esq.
Krumbein Consumer Legal Services
P.O. Box 70912
Richmond, VA 23255-0912
804-564-4871
jason@krumbein.com

  b. Failed to list a Civil War Sword, Civil War Uniform, Antique silver tea service, Antique China dinner service.

  c. Other items as discovery may reveal.

6. The failure to disclose assets to the Chapter 7 Trustee means that the estate is not fully administered.

7. The debtor intentionally failed to list the assets and misvalue the assets.

8. The debtor willfully, maliciously, and intentionally damaged the personal and real property of the plaintiffs in that she intentionally and willfully permitted her pets to urinate in the rental property of the plaintiffs.

9. The debtor willfully, maliciously, and intentionally damaged the property of the plaintiff in that the debtor willfully, maliciously, and intentionally caused the wood stove in the plaintiff's rental property to rust irreparably.

10. The debtor willfully and intentionally failed to list and schedule the debt to the plaintiffs as required by 11 U.S.C. §521.

WHEREFORE, your movant respectfully requests an order vacating and denying the discharge, or in the alternative, denying the discharge of the debt to the plaintiffs under 11 U.S.C. §§523(a)(3) and 523(a)(6).

            JAMES P. SHANK
            and
            TINA SHANK

            by: Jason M. Krumbein, Esq.

**Krumbein Consumer Legal Services**

**Jason M. Krumbein, Esquire**
Attorney at Law

Post Office Box 70912
Richmond, VA 23255-0912
Phone: 804.564.4871
Email: jason@krumbein.com

March 24, 2005

John W. L. Craig, II
Clerk, US Bankruptcy Court
Western District of Virginia
Lynchburg Division
1100 Main St. Rm 226
Lynchburg, VA 23504

re:   AP cover sheet and Complaint
      Shank v. Gaunt

Dear Mr. Craig:

Enclosed, please find a Cover sheet for an Adversary Proceeding and Complaint Objecting to Discharge, along with several copies. Please file as appropriate, and return the excess file stamped copies in the enclosed envelope.

If you have any questions, please feel free to contact me.

Sincerely,

Jason M. Krumbein, Esquire
Attorney at Law

Enclosures